UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **JERMAL DUBOSE** | **CASE NO. 2:22-CV-03735** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **UNITED SERVICES AUTOMOBILE ASSOCIATION** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the court is a Motion to Dismiss [doc. 23] filed pursuant to Federal Rule of Civil Procedure 12(b)(1) by defendant United Services Automobile Association ("USAA"). Plaintiff opposes the motion and has filed a Motion to Amend [doc. 29], which USAA opposes on the basis of futility.

## I.
### BACKGROUND

This suit arises from damage to plaintiff's home in DeRidder, Louisiana, in Hurricanes Laura and Delta. Plaintiff, who was then represented by attorneys from McClenny Moseley & Associates, PLLC ("MMA"), filed suit in this court on August 24, 2022, raising claims of breach of insurance contract and bad faith against USAA under Louisiana law. He invoked the court's diversity jurisdiction under 28 U.S.C. § 1332, asserting that he was a citizen of Louisiana and USAA a citizen of Texas. The court stayed all suits filed by MMA in October 2022, after concerns of misconduct by those attorneys began to arise. Doc. 4.

On June 20, 2023, the court granted plaintiff's motion to substitute new counsel and the stay in this matter was lifted. Doc. 17. USAA then moved to dismiss the suit for lack of jurisdiction, arguing that there was no diversity of citizenship because USAA is also counted as a citizen of Louisiana. Doc. 23. Plaintiff has moved to amend the suit, arguing that it intended to name USAA Casualty Insurance Company (a citizen of Texas) and should be permitted to correct the misnomer. Doc. 29. USAA opposes amendment on the basis of futility. Docs. 23, 31.

## II.
## LAW & APPLICATION

### A. Legal Standard

A motion under Rule 12(b)(1) attacks the court's jurisdiction to hear and decide the case. FED. R. CIV. P. 12(b)(1). The burden lies with the party seeking to invoke the court's jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Lack of subject matter jurisdiction may be found based on: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Id.* On a facial attack to subject matter jurisdiction, which is based on the sufficiency of the complaint, court accepts all well-pleaded allegations in the complaint as true and construes those allegations in a light most favorable to the plaintiff. *Garcia v. Copenhaver, Bell & Associates, M.D.'s, P.A.*, 104 F.3d 1256, 1260–61 (11th Cir. 1997); *Pike v. Office of Alcohol and Tobacco Control of the La. Dep't of Rev.*, 157 F.Supp.3d 523, 533 (M.D. La. 2015). Because the parties have submitted evidence outside the pleadings that do not, this matter is a "factual" attack and

the court will consider that evidence while resolving any disputed issues of fact. *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).

### B. Application

"Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994). Subject matter jurisdiction must be proper under either 28 U.S.C. § 1331 or § 1332. The burden of proving jurisdictional facts rests on the plaintiff. *Anderson v. Stoffle*, 339 F.2d 214, 214 (5th Cir. 1964).

There is no basis for jurisdiction under 28 U.S.C. § 1331, as plaintiff raises only state law claims. As for 28 U.S.C. § 1332, plaintiff must show complete diversity of citizenship and an amount in controversy greater than $75,000.00. Complete diversity means that each plaintiff must have different citizenship from each defendant. *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1258 (5th Cir. 1988). In other words, the court cannot exercise jurisdiction if any plaintiff is from the state as any defendant. *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003).

Here plaintiff has stated that he is a citizen of Louisiana and alleged that USAA was incorporated under the laws of Texas with its principal place of business in San Antonio. Doc. 1, ¶ 3. According to USAA's diversity jurisdiction disclosure statement, however, it is an unincorporated association serving as a reciprocal interinsurance exchange with members in every state. Doc. 24. An unincorporated association is a citizen of each state in which it has a member. *Temple Drilling Co. v. La. Ins. Guar. Ass'n*, 946 F.2d 390, 393 (5th Cir. 1991)). USAA is thus a citizen of every state, including Louisiana. *E.g., Cruz v.*

*USAA*, 2021 WL 2662155, at *1 (E.D. La. June 29, 2021). Because plaintiff is also a citizen of Louisiana, there is no basis for the court's exercise of jurisdiction.

Plaintiff now argues that it intended to sue another USAA entity, USAA Casualty Insurance Company ("USAA CIC"), which is a citizen of Texas. Accordingly, he asks the court to permit amendment of the complaint in order to correct the misnomer. Doc. 29. After a responsive pleading is served, a party may only amend with written consent of the opposing party or leave of court. Fed. R. Civ. P. 15(a). The court must "freely give leave when justice so requires." *Id.* But the issue still lies at the discretion of the court and may be denied on any one of several bases, including futility. *Smith v. EMC*, 393 F.3d 590, 595 (5th Cir. 2004). The proposed amended complaint is futile if it "would fail to state a claim upon which relief could be granted under the same standard of legal sufficiency as applies under Rule 12(b)(6)." *In re Vioxx Prods. Liab. Litig.*, 874 F.Supp.2d 599, 602–03 (E.D. La. 2012) (internal quotations omitted).

As USAA shows, the policy in this matter was issued by USAA. USAA CIC's name does not appear anywhere on the document. *See* doc. 30, att. 1. Plaintiff presents no basis for holding that entity liable for the breach of contract and bad faith claims arising from USAA's policy. Accordingly, his proposed amended claims are futile and the motion to amend must be denied.

## III.
### CONCLUSION

For the reasons stated above, the Motion to Dismiss [doc. 23] will be **GRANTED**, the Motion to Amend [doc. 29] will be **DENIED**, and all claims against USAA will be **DISMISSED WITHOUT PREJUDICE**.

**THUS DONE AND SIGNED** in Chambers on the 14th day of August, 2023.

_____
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE